Nov. Term,
1859.

CRANE
v.
THE EVANS-
VILLE INSUR-
ANCE CO.

Wednesday,
December 14.

---

CRANE and Another *v.* THE EVANSVILLE INSURANCE COMPANY.

Where a policy of insurance is an open one, and is for the insurance of such sums as shall be specified by application, and mutually agreed upon and indorsed upon the policy, it is necessary, in a pleading based upon the policy, against the insurance company, to aver that an amount had been mutually agreed upon and indorsed upon the policy.

Wednesday,
December 14.

APPEAL from the *Vanderburgh* Court of Common Pleas.

WORDEN, J.—Action by the company against the appellants upon a promissory note. Answer by way of set-off claiming a balance in favor of the defendants.

The answer seeks to recover from the company the amount of certain freight, insured upon a steamboat, which it is alleged was grounded and unable to make the voyage, whereby it was claimed that the company became liable for the freight. The policy, bearing date

*December* 27, 1852, insures the owners of the boat in such sums as may be indorsed on the policy, upon the freight list and charges for the steamer season of 1853, and provides that the sums, &c., to be insured "shall be specified by application and mutually agreed upon and indorsed upon the policy." The policy is set out, and on the back of it there is an indorsement as follows, viz.:

| Proposition. | Date. | Amount. | Rate. | Premium. |
|---|---|---|---|---|
| | | $2,406 74, freight list and charges per *Evansville* to *New Orleans*. | ½ | $12 03 |

A demurrer was sustained to the answer, and there was final judgment for the plaintiff. The ruling of the Court on the demurrer, is the only error assigned.

We have set out enough only of the answer to present one of the points relied upon by the appellee to sustain the ruling below, which is, that it does not appear, either by direct averment or necessary implication, that the sum to be insured, upon the voyage in question, had been "mutually agreed upon" and indorsed upon the policy by the consent of the company. This objection to the answer appears to be well taken. The indorsement upon the policy does not purport to have been made by the company. It is not signed by any one, nor is it averred that the amount, &c., therein specified, had been mutually agreed upon as provided in the policy. By the terms of the policy, the company are not bound beyond what should be mutually agreed upon and indorsed upon the policy; and such mutual agreement should appear affirmatively in order to render the company liable. This point being, in our opinion, well taken, we shall not examine whether, supposing the answer to be otherwise valid, the company would be liable on the facts set up in the answer. Such examination would be useless, as the judgment must be affirmed for the reason indicated.

*Per Curiam.*—The judgment is affirmed with costs.

*J. G. Jones* and *J. E. Blythe*, for the appellants.

*C. Baker*, for the appellees.